UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| HUGH D. BEECH, JR., | ) |  |
|---|---|---|
| Petitioner, | ) | |
| | ) | No. 3:10 CV 016 |
| v. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

# OPINION AND ORDER

Hugh D. Beech, Jr., a *pro se* plaintiff, filed this habeas corpus petition (DE # 1) attempting to challenge three criminal convictions entered by the Marion Superior Court under cause numbers 49G06-0409-FB-168611, 49G06-0408-FD-142313, and 49G06-0409-DF-163377. Because this habeas corpus petition is untimely, it will be dismissed.

Habeas Corpus petitions are subject to a one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Section 2244(d)(1) provides four possible dates from which the 1-year period of limitation can run. In this case, subparagraph A applies because none of the other subparts are applicable.[*] Therefore, the 1-year period of limitation began when the time for seeking direct review expired. Following Beech's sentencings on December 20, 2004, INDIANA RULE OF CRIMINAL PROCEDURE 19 provided that he had 30 days to file notices of appeal. Therefore these judgments became final on January 19, 2005.

A year later, the deadline for filing a habeas petition expired on January 19, 2006. Though he filed a post-conviction relief petition on May 30, 2006, by then the deadline had already expired. Therefore the post-conviction relief petition did not toll the 1-year period of limitation. As a result, by the time that Beech signed this habeas corpus petition on January 7, 2010, it was nearly four years late.

Because "it plainly appears from the petition and . . . attached exhibits that the petitioner is not entitled to relief" this petition (DE # 1) is **DISMISSED** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES and the court **DENIES** a certificate of appealability pursuant to RULE 11(a) OF THE RULES GOVERNING SECTION 2254 CASES.

**SO ORDERED**.

Date: March 15, 2010

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT

---

[*] Nothing in this filing asserts that the state prevented Beech from filing a timely application for a writ of habeas corpus; therefore subparagraph B does not apply. None of Beechs four grounds identify any factual or legal basis for finding that they are based on a newly recognized constitutional right pursuant to subparagraph C or newly discovered evidence pursuant to subparagraph D.